THE STATE OF OHIO, APPELLEE, *v.* KATZ, APPELLANT.*

(No. 1549—Decided June 13, 1962.)

*Mr. Roy A. West,* for appellee.
*Mr. Jack E. Zagrans,* for appellant.

HUNSICKER, J. Allen Katz, the appellant herein, was convicted in the Municipal Court of Elyria, for an offense based upon an affidavit which charged that on June 18, 1961, he "did suffer or permit a building or place to be open for transaction of business on Sunday, * * * in violation of statute of the state of Ohio, number 3773.24 O. R. C."

Mr. Katz was, on the date alleged in the affidavit, the as-

---

*Motion to certify the record overruled, February 6, 1963. Appeal dismissed, 174 Ohio St., 231.

sistant manager of a "Giant Tiger Discount Store." He opened the store on the day in question, acted in the capacity of manager, and closed the store at the regular closing hour. General merchandise was sold on this Sunday set out in the affidavit, and many customers were seen purchasing goods from one of the ten clerks, and paying for such merchandise at the cashier's counter, by the side of which Mr. Katz stood. Mr. Katz is a member of the Jewish faith, and attended services on Saturday, June 17, 1961.

Five assignments of error have been filed by counsel for Mr. Katz, but in the judgment of this court only one raises a novel claim, and to that claim we direct attention.

Counsel for Mr. Katz says that, since Mr. Katz attended religious services in the Jewish Temple of which he is a member, he comes within the terms of the statute, and was exempt from prosecution herein.

If the argument advanced by Mr. Katz is valid, then any place of business not exempted by the statute can be opened for business on Sunday if some of the employees of that store observe Saturday as their religious holy day. The fact that Mr. Katz went to his synagogue on Saturday, June 17, 1961, without a showing that he conscientiously observed the seventh day of the week as the Sabbath, and that he abstained thereon from doing things prohibited on Sunday, would not relieve him from prosecution even in his own business. In this enterprise, "Giant Tiger Discount Store," he is a manager of a commercial enterprise for others, and his interest is that of a man on salary, with specific duties to perform as directed by the manager, Mr. Smith, who testified at some length.

The section of the statute involved herein, Section 3773.24, Revised Code, reads, in part, as follows:

"No *person, firm, or corporation* shall engage in common labor or *suffer or permit* a building or place to be open for transaction of business, or require a person in his employ or under his control to engage in common labor or to open a building or place for the transaction of business on Sunday. In prosecutions under this section complaints shall be made within ten days after a violation.

"This section does not apply to work of necessity or char-

ity, and does not extend to persons who conscientiously observe the seventh day of the week as the sabbath, and abstain thereon from doing things prohibited on Sunday." (Emphasis ours.)

In the instant case, Mr. Katz was aiding and abetting his employer, "Giant Tiger Discount Store," in the violation of the statute, and his conviction was proper. Mr. Katz was not working on Sunday, June 18, 1961, because of his conscientious religious observance of the last day of the week, but he was working as the agent of the "Giant Tiger Discount Store" in seeing that such store was open for the transaction of business not exempted by the statute under which his conviction was obtained.

Annotations on the subject of "Criminal responsibility of one co-operating in offense which he is incapable of committing personally" may be found in 5 A. L. R., 782; 74 A. L. R., 1110; and 131 A. L. R., 1322.

We have examined all the claimed errors, and find none prejudicial to the substantial rights of the appellant.

*Judgment affirmed.*

Stevens, P. J., and Doyle, J., concur.